UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TOYOTA TSUSHO
PETROLEUM PTE. LTD.,

        Plaintiff,
vs.

        1:17-CV_____

SINORICHES ENTERPRISES CO., LTD.,

**VERIFIED COMPLAINT**

        Defendant.
------------------------------------------------------X

Plaintiff, TOYOTA TSUSHO PETROLEUM PTE. LTD. ("TTP"), by and through its attorneys, Chalos & Co., P.C., as and for its Verified Complaint against Defendant, SINORICHES ENTERPRISES CO., LTD ("SINORICHES"), alleges as follows:

### I. JURISDICTION, VENUE, AND PARTIES

1. This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract for the supply of 1,040 metric tons of Marine Fuel Oil 380 CST and 26 metric tons of Marine Gas Oil – (Low Sulphur 0.10 MAX) to the vessel KIRAN ISTANBUL. This case also falls under this court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provision of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2. Defendant cannot be found within this District within the meaning of Supplemental Admiralty Rule B.

3. Venue is properly situated in this District because Defendant's property is, or soon will be, in the possession, custody, and control of Garnishees within this District.

Chalos & Co. Ref: 2173.012

4.     At all times material hereto Plaintiff, TTP, is a foreign corporation, with a principal place of business in Singapore, whose business activities include the provision of bunkers to seagoing vessels.

5.     At all times material hereto Defendant, SINORICHES was and is a foreign company organized under the laws of Hong Kong with an office and place of business located at Room 06, 31F Wanda Center, No. 6 Gangxing Road, Zhongshan District, Dalian, 116001, China. On information and belief, SINORICHES, at all times material hereto, are the charterers of the vessel KIRAN ISTANBUL.

## II. THE SUBSTANTIVE CLAIMS

6.     On or about January 25, 2017, Plaintiff agreed to supply, and Defendant agreed to purchase 1,040 Metric Tons of Marine Fuel Oil 380 CST and 26 Metric Tons of Marine Gas Oil – (Low Sulphur 0.10 MAX). *A copy of the Agreement is attached hereto as **EXHIBIT 1**.*

7.     The January 25 Bunker Agreement is a maritime contract.

8.     Plaintiff delivered to SINORICHES the agreed upon amounts of Marine Fuel Oil 380 CST and Marine Gas Oil – (Low Sulphur 0.10 MAX) on January 31, 2017, in Singapore. *A copy of the Bunker Delivery Notes are attached hereto as **EXHIBIT 2**.*

9.     Defendant SINORICHES was invoiced for its purchase of the Marine Gas Oil and Marine Fuel Oil in the amount of USD $358,348.70, which became due on March 1, 2017. *A copy of the Invoice is attached hereto as **EXHIBIT 3**.*

10.    Despite being provided with the Marine Fuel Oil and Marine Gas Oil as in the Bunker Agreement, and being provided with the invoice for monies due, SINORICHES has neglected, failed, or otherwise refused to pay the balance of USD $358,348.70.

Chalos & Co. Ref: 2173.012

11. Defendant SINORICHES acknowledges the debt, and has provided TTP with a letter dated April 7, 2017 confirming SINORICHES has received the invoice, that payment is past due, that SINORICHES has not effected payment on the invoice, and that SINORICHES has no disputes regarding the bunker quantity or quality delivered to the vessel KIRAN ISTANBUL. *A copy of SINORICHES' letter is attached hereto as **Exhibit 4.***

12. Plaintiff TTP's General Terms and Conditions for Sales of Marine Fuels provided that payment later than the Due Date of March 1, 2017 would accrue interest charges of 2% per month, totaling USD $7,236.72 as of April 1, 2017. *A copy of the General Terms and Conditions for Sales of Marine Fuels is attached hereto as **Exhibit 5**.*

13. In breach of the terms of the Bunker Agreement, Defendant SINORICHES have refused, neglected, and/or otherwise failed to pay Plaintiff's principal claims and/or damages totaling USD $365,585.42, including interest.

### III. UNDERLYING PROCEEDINGS ON THE MERITS

14. Pursuant to Plaintiff TTP's General Terms and Conditions for Sales of Marine Fuels, the construction, validity, and performance of the Bunker Agreement shall be governed by the laws of the Republic of Singapore, with Singapore law to apply.[1]

15. Plaintiff has claims against Defendant SINORICHES, as pled in the foregoing, which will be governed by Singapore law. Plaintiff is preparing a claim for issue in Singapore arbitration as soon as practicable.

16. This action is an ancillary proceeding, brought in order to obtain jurisdiction over

---

[1] This is without prejudice to Plaintiff's right to assert a maritime lien, wherein the procedural and substantive law of the United States shall always apply with respect to the existence and enforcement of a maritime lien against the Vessel, pursuant to the General Terms and Conditions for Sales of Marine Fuels § 26.1. *See* Exhibit 5.

Chalos & Co. Ref: 2173.012

Defendant and to obtain security for Plaintiff's claims in aid of the Singapore proceedings.

17. Pursuant to Clause 12.2 of Plaintiff TTP's General Terms and Conditions for Sales of Marine Fuels, Defendant shall reimburse Plaintiff on a full indemnity basis for all legal fees, costs, and expenses incurred by the Plaintiff in connection with the recovery of outstanding payment. The arbitral tribunal will have the power to enforce parties' agreement on costs pursuant to Rule 41.3 of the Arbitration Rules of the Singapore Chamber of Maritime Arbitration. The arbitral tribunal is also entitled to award interest based on the contractual interest as stated in the Clause 12.2 of Plaintiff TTP's General Terms and Conditions for Sales of Marine Fuels.

18. As best as can now be estimated, Plaintiff TTP expects to recover the following amounts in its forthcoming Singapore proceedings from Defendant SINORICHES:

    A.    Principal Claim................................. USD 358,348.70

    B.    Estimated Interest on Principal Claim...... USD 97,165.85
            *1.0 years at 2.0% monthly interest compounded daily*

    C.    Estimated attorney's fees...................... USD 50,000.00

    D.    **TOTAL**............................................. **USD 505,514.55**

19. Therefore, Plaintiff's total claim for breach of the maritime contract against Defendant SINORICHES is in the aggregate sum of **USD 505,514.55.**

### IV. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

20. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney*

Chalos & Co. Ref: 2173.012

*Declaration of George M. Chalos attached hereto as* **EXHIBIT 6**. Notwithstanding, Defendant has within the District tangible or intangible personal property, which is subject to attachment, and in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment.

21. Specifically, on information and belief, hire payments due and owing to Defendant SINORICHES from a sub-charterer of one of its vessels located within this District may soon be paid to SINORICHES. These payments would be subject to attachment under Rule B.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint;

B. That if Defendant cannot be found within this district, then all of their respective tangible or intangible property within this district, including physical property, or any property in which Defendant has an interest, debts, credits, or effects including but not limited to: bank accounts, checks, freights, sub-freights, monies, disbursement advances, charter hire, sub-charter hire, payments for bunkers, goods or other services, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That a judgment be entered against Defendant in the sum of $ **505,514.55** and the

Chalos & Co. Ref: 2173.012

proceeds of the assets attached be applied in satisfaction thereof; and

      D.    That the Court grant such other and further relief as it deems just, equitable, and proper.

| | |
|---|---|
| Dated: April 13, 2017<br>Oyster Bay, New York | Respectfully submitted,<br>*Attorneys for Plaintiff*<br>TOYOTA TSUSHO PETROLEUM PTE. LTD.<br><br>By: /s/ George M. Chalos<br>CHALOS & CO, P.C.<br>George M. Chalos (GC-8693)<br>Briton P. Sparkman (BS-5220)<br>Patrick W. Carrington (PC-1982)<br>55 Hamilton Avenue<br>Oyster Bay, New York 11771<br>Tel: (516) 714-4300<br>Fax: (516) 750-9051<br>Email: gmc@chaloslaw.com |

Chalos & Co. Ref: 2173.012