UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X

TOYOTA TSUSHO                      :
PETROLEUM PTE. LTD.,               :          1:17-CV_____
                                   :
            Plaintiff,             :
       vs.                         :          **EX-PARTE MOTION FOR**
                                   :          **AN ORDER**
SINORICHES ENTERPRISES CO., LTD.,  :          **AUTHORIZING PROCESS**
                                   :          **OF MARITIME**
            Defendant.             :          **ATTACHMENT AND**
                                   :          **GARNISHMENT**
                                   :          **PURSUANT TO**
                                   :          **ADMIRALTY RULE B**
-------------------------------------------------- X

   COMES NOW Plaintiff, TOYOTA TSUSHO PETROLEUM PTE. LTD., by and

through undersigned counsel, and respectfully requests this Honorable Court to issue an Order

authorizing Issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B

of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure (hereinafter "Admiralty Rules"), and respectfully states as follows:

<u>**POINTS AND AUTHORITIES**</u>

   1.      "Under Rule B of the Supplemental Admiralty Rules, plaintiff may attach a

defendant's property if four conditions are met: (1) Plaintiff has a valid prima facie admiralty

claim against the defendant; (2) defendant cannot be found within the district; (3) property of

the defendant can be found within the district; and (4) there is no statutory or maritime law bar

to the attachment" *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d

Cir. 2006); *Fed. R. Civ. P., Supp. R. B.*

1

2. On or about April 13, 2017, Plaintiff filed a Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Admiralty Rules setting forth Plaintiff's claim for damages in the amount of USD $ **505,514.55**, together with interest, costs and attorney fees. The allegations of Plaintiff's Verified Complaint state a *prima facie* admiralty claim under general maritime law, meet the conditions of Rule B, and are incorporated herein by reference.

3. Defendant, SINORICHES ENTERPRISES CO., LTD. (hereinafter "SINORICHES"), cannot be found within the Southern District of New York for the purposes of Rule B of the Admiralty Rules. In support of its Verified Complaint, Plaintiff has filed the Declaration of Attorney George M. Chalos (*See Exhibit 6 to Verified Complaint*), averring that the Defendant cannot be found within the district pursuant to Rule B and the efforts undertaken to find and serve the Defendant, as required by Local Admiralty Rule B.1.

4. Specifically, Plaintiff is informed and believes: that the Defendant cannot be found within the Southern District of New York; that to Plaintiff's knowledge, none of the officers of Defendant are now within the Southern District of New York; that the Defendant does not maintain offices or telephone listings in the Southern District of New York; that the Defendant is not incorporated or registered to do business in the State of New York; and, that the Defendant does not have a registered agent for the receipt of service of process in the State of New York.

5. In addition, Plaintiff is informed and believes that the Defendant does now, or will during the pendency of this action, have tangible and intangible property within the Southern District of New York, and said tangible and intangible property is amendable to attachment and garnishment pursuant to Admiralty Rule B. *See* Original Verified Complaint, ¶¶

2

20-21. This property consists of debts, credits, and effects being property of the Defendant in the hands of garnishees: Marubeni America Corporation; Marubeni Auto & Construction Machinery, Inc.; Marubeni Finance America Limited; Marubeni Power International Inc.; and/or Marubeni Transport Service Corporation.

6.      Finally, Plaintiff asserts that there is no statutory or general maritime law bar that prevents attachment.

7.      The instant Rule B maritime attachment action was commenced as an ancillary proceeding in order to obtain security in aid of Plaintiff's forthcoming Singapore arbitration proceeding. *See* Original Verified Complaint, ¶¶ 14-19.  *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 437-438 (2d Cir. N.Y. 2006); *see also ProShipLine, Inc. v. Aspen Infrastructures, Ltd.*, 585 F.3d 105, 111 (2d Cir. N.Y. 2009); *Milestone Shipping, S.A. v. Estech Trading LLC*, 764 F. Supp. 2d 632, 634-635 (S.D.N.Y. 2011).

**WHEREFORE**, as all of the elements of Rule B and the Local Admiralty Rules have been met, Plaintiff, TOYOTA TSUSHO PETROLEUM PTE. LTD., respectfully requests that this Court enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing any and all garnishees to garnish any tangible or intangible personal property in their possession, custody or control belonging to the Defendant, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

Dated: April 13, 2017
Oyster Bay, New York

CHALOS & CO, P.C.
Attorneys for Plaintiff
TOYOTA TSUSHO
PETROLEUM PTE. LTD.

By:     /s/ George M. Chalos
        George M. Chalos (GC-8693)
        Briton P. Sparkman (BS-5220)
        Patrick W. Carrington (PC-1982)
        55 Hamilton Avenue
        Oyster Bay, New York 11771
        Tel: (516) 714-4300
        Fax: (516) 750-9051
        Email: gmc@chaloslaw.com
               bsparkman@chaloslaw.com
               pcarrington@chaloslaw.com